UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

LYNNE TURNER TENNENBAUM,

        Plaintiff,                                  **MEMORANDUM AND ORDER**
                                                                      20-MC-186 (RPK)
      -against-

MADAME PAULETTE LIC, LLC,

        Defendant.
------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      More than a year ago, plaintiff Lynne Turner Tennenbaum initiated this action to enforce a subpoena issued in connection with *Lynne Turner Tennenbaum v. Great Northern Insurance Company et al.*, Case No. 18-CV-6964 (N.D. Ill.). *See* Pl.'s Mot. to Compel at 1 (Dkt. #1). Since that time, plaintiff has ignored three court orders requesting a status report on whether defendant has been served with the motion and whether plaintiff has abandoned her request for relief. *See* June 18, 2020 Order; July 2, 2020 Order; Oct. 15, 2020 Order. Moreover, ten months have passed since plaintiff was initially ordered to file a status report. *See* June 18, 2020 Order. For the reasons that follow, plaintiff's action is dismissed without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

## **LEGAL STANDARD**

      Rule 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order." *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (brackets omitted). Although the text of Rule 41(b) refers to a defendant's "mo[tion] to dismiss the action or any claims against it," it is "unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to

1

prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). To determine whether dismissal is appropriate, a district court must weigh:

(1) whether plaintiff "caused a delay of significant duration";
(2) whether plaintiff was "given notice that further delay would result in dismissal";
(3) whether defendant was "likely to be prejudiced by further delay";
(4) whether dismissal would balance "the need to alleviate court calendar congestion . . . against plaintiff's right to an opportunity for a day in court"; and
(5) whether lesser sanctions would be effective.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

While dismissal is a "harsh remedy to be utilized only in extreme situations," *Drake*, 375 F.3d at 254, "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," *Manshul Const. Corp. v. Int'l Fid. Ins. Co.*, 182 F.3d 900 (2d Cir. 1999) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp.*, 682 F.2d at 43 (quoting Fed. R. Civ. P. 41(b)).

## DISCUSSION

All five Rule 41(b) factors favor dismissal without prejudice here. First, plaintiff has caused a significant delay. It has been nearly ten months since plaintiff failed to file a status report necessary to move the case forward. *See* June 18, 2020 Order. A delay of that length weighs in favor of dismissal. *See, e.g.*, *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (finding delay to be significant where "proceedings ground to a halt for over seven months as a result of [plaintiff]'s inaction"); *Terry v. City of New York*, No. 20-CV-81, 2020 WL 5913409, at *2 (S.D.N.Y. Oct. 6, 2020) (more than six-month delay); *Morgan v.*

*Does Nos. 1-3*, No. 18-CV-2571, 2020 WL 5646133, at *2 (S.D.N.Y. Sept. 22, 2020) (more than six-month delay); *Kent v. Scamardella*, No. 07-CV-844, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (three-month delay).

Second, plaintiff was given notice that further delay would result in dismissal. On October 15, 2020, I admonished plaintiff for "twice fail[ing] to comply with the Court's order" and warned plaintiff that I "may dismiss [this] action for failure to prosecute" if she did not file the requested status report. Oct. 15, 2020 Order.

Third, any further delay would prejudice defendant. Prejudice is presumed where, as here, plaintiff has caused an "unreasonable delay." *Lesane*, 239 F.3d at 210 (quoting *Lyell Theatre Corp.*, 682 F.2d at 43); *see Terry*, 2020 WL 5913409, at *2.

Fourth, dismissal without prejudice properly strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. That disposition serves the "need to clear [the] calendar without unduly penalizing a . . . litigant for failing to comply with" a court order. *Thrall v. Cent. New York Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010).

Finally, given plaintiff's complete failure to respond to court orders over a lengthy period, I cannot conclude that any sanction less than dismissal without prejudice would be efficacious. *LeSane*, 239 F.3d at 209.

## CONCLUSION

Plaintiff's action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to terminate plaintiff's motion to compel, *see* Dkt. #1, and to close this case.

SO ORDERED.

                                                 /s/ Rachel Kovner
                                                 RACHEL P. KOVNER
                                                 United States District Judge

Dated:        April 28, 2021
                 Brooklyn, New York